UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GARY L. SETTLE

   *Movant*,

v.                                             Case No. 6:16-cv-1142-Orl-41GJK
                                              (Related Case No. 6:93-cr-12-Orl-41GJK)

UNITED STATES OF AMERICA,

   *Respondent*.
_____/

## MEMORANDUM OF LAW IN SUPPORT OF AMENDED
## MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255

Mr. Gary Settle, through undersigned counsel, respectfully submits this memorandum in support of his timely motion to vacate sentence under 28 U.S.C. § 2255.

### GROUNDS FOR RELIEF

In light of the Supreme Court's recent decision in *Davis v. United States*, 139 S. Ct. 2319 (2019), Mr. Settle asserts a supplemental claim to his timely motion to vacate sentence, *see* Civ. Doc. 1,[1] because his convictions under 18 U.S.C. § 924(c) were unconstitutionally imposed.

### JURISDICTION

This Court had original jurisdiction over this criminal action under 18 U.S.C. § 3231. Mr. Settle timely moved to vacate his sentence under § 2255 in June 2016,

---

[1]     Mr. Settle's underlying criminal proceeding, Case No. 6:93-cr-12-Orl-41GJK, will be cited as "Crim. Doc." This § 2255 proceeding will be cited as "Civ. Doc."

1

challenging his convictions for using a firearm in relation to a crime of violence under 18 U.S.C. § 924(c) in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). This motion asserts that Mr. Settle's § 924(c) convictions violates the laws and Constitution of the United States, and that the Court lacked jurisdiction to impose that sentence. Therefore, this Court has jurisdiction over this action under 28 U.S.C. § 2255.

**COURSE OF PROCEEDINGS AND STATEMENT OF FACTS**

On August 3, 1993, Mr. Settle was convicted of conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371 (Count One), attempt to commit armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d) (Count Two), armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d) (Counts Three through Six, Counts Eight through Eleven), and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Counts Twelve through Sixteen, Counts Eighteen through Twenty-One). Cr. Doc. 88.[2] The District Court sentenced Mr. Settle to a total term of 2,127 months' imprisonment. *Id.*

Mr. Settle moved on June 25, 2016, to vacate his sentence under § 2255, challenging his convictions for using a firearm in relation to a crime of violence under 18 U.S.C. § 924(c) in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Cv. Doc. 1. The Eleventh Circuit granted Mr. Settle's application for leave to file a successive § 2255 motion. Cv. Doc. 5; *In re Settle*, No. 16-

---

[2] Mr. Settle's underlying criminal proceeding, Case No. 6:93-cr-12-Orl-41GJK, will be cited as "Cr. Doc." This § 2255 proceeding will be cited as "Cv. Doc."

13378, Order Granting Motion (July 7, 2016). With that permission, Mr. Settle moved in this Court to vacate his § 924(c) convictions in light of *Johnson*, and he now amends that motion to add a claim based on *Davis*, and files this memorandum of law in support of his amended § 2255 motion.

**ARGUMENT**

In *Johnson*, the Supreme Court held the Armed Career Criminal Act's (ACCA) residual clause was unconstitutionally vague. In *Davis*, the Supreme Court confirmed that *Johnson*'s reasoning extends to § 924(c)'s residual clause, striking down § 924(c)(3)(B) as unconstitutionally vague.³ 139 S. Ct. at 2336. *Davis* is a straightforward application of the rule announced in *Johnson*. *See Sessions v. Dimaya*, 138 S. Ct. 1204, 1213 (2018) ("*Johnson* is a straightforward decision, with equally straightforward application here."). Mr. Settle is not withdrawing or abandoning his initial *Johnson* claim; he incorporates that claim and the arguments made in his original motion here, and he adds another claim based on *Davis* so that he may satisfy § 2255(f)'s timeliness requirements no matter whether *Davis* announced a new rule or merely applied *Johnson*'s rule.

---

³ The Eleventh Circuit has addressed that *Johnson*'s reasoning applies to § 924(c)'s residual clause. *In re Hammoud*, 931 F.3d 1032, 1038 (11th Cir. 2019) (stating that *Davis* extended *Johnson* and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), "to a new statute and context"). Although the Eleventh Circuit correctly recognized that *Johnson*'s reasoning extends to § 924(c)'s residual clause, Mr. Settle respectfully disagrees with *Hammoud* to the extent that it held the rule announced in *Davis* is a "new rule of constitutional law." *Id.* at 1036–38.

3

Under § 924(c), a predicate offense can qualify as a "crime of violence" under one of two definitions. Specifically, a "crime of violence" is an offense that is a felony and that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The first definition is known as the "elements clause," while the second is known as the "residual clause." In *Davis*, the Supreme Court held that the residual clause is unconstitutionally vague. 139 S. Ct. at 2336. Thus, Mr. Settle's predicate offenses under §§ 2113(a), (d) are crimes of violence only if they qualify under the elements clause. *See Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017).[4]

Courts determine whether an offense qualifies as a "crime of violence" under the elements clause in § 924(c)(3)(A) by employing the categorical approach and looking to only the statutory elements of the offense, not the defendant's actual

---

[4] Mr. Settle recognizes *Beeman* is binding on this Court, but he maintains that the standard set forth in *Beeman* is incorrect. Indeed, the burden of proof the movant must bear in these proceedings is an issue that has split the circuits. *Compare Beeman*, 971 F.3d at 1221–22, *with United States v. Winston*, 850 F.3d 677, 682 (4th Cir. 2017), *United States v. Geozos*, 870 F.3d 890, 895–97 (9th Cir. 2017), *and United States v. Peppers*, 899 F.3d 211, 221–24 (3d Cir. 2018). Mr. Settle maintains for the purpose of further appellate review that the path set forth by the Third, Fourth, and Ninth Circuits is correct: if his conviction *may* have been based on the residual clause, his § 1951(a) offense does not qualify as a predicate offense under current law and his conviction should be vacated. That said, even under *Beeman*, Mr. Settle is entitled to relief.

4

conduct. *United States v. McGuire*, 706 F.3d 1333, 1336 (11th Cir. 2013); *overruled in part by Ovalles v. United States*, 905 F.3d 1300, 1302 (11th Cir. 2018). A predicate conviction is a "crime of violence" only "if the plausible applications of the statute of conviction all require the use or threatened use of force." *McGuire*, 706 F.3d at 1337. When applying the "elements-only" categorical approach to a disjunctively phrased statute, courts must carefully distinguish between a statute that lists multiple alternative elements—thereby defining multiple crimes—and a statute that enumerates various factual means of committing a single element. *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016).

In the context of 18 U.S.C. § 924, the phrase "physical force" means "violent force—that is, force capable of causing physical pain or injury to another person." *Curtis Johnson v. United States,* 559 U.S. 133, 140 (2010) (*Curtis Johnson*) (holding that Florida battery did not qualify as a "violent felony" under the ACCA's elements clause, because it encompassed mere intentional touching, which was not the type of violent force contemplated by § 924(e)). As the Supreme Court recently explained in the context of the ACCA, this degree of force includes "the amount of force necessary to overcome a victim's physical resistance." *Stokeling v. United States*, 139 S. Ct. 544, 555 (2019). "In deciding whether an element requires the use of such force, [courts] focus on the least culpable conduct criminalized by the statute." *United States v. Deshazior*, 882 F.3d 1352, 1357 (11th Cir. 2018) (citing *Moncrieffe v. Holder*, 569 U.S. 184 (2013)). As a result, a particular offense does not satisfy the requirements of the elements clause if there is "a realistic probability" that these least culpable acts

5

encompass nonviolent conduct. *St. Hubert*, 909 F.3d 335, 350 (11th Cir. 2018), *pet. for cert. filed*, No. 19-5267 (July 18, 2019).

The "crime of violence" on which the § 924(c) count (Count Twelve) here turned on was attempted armed robbery under 18 U.S.C. § 2113(a) and (d) (Count Two); the other § 924(c) counts were predicated on armed robbery counts. Crim. Doc. 1. Mr. Settle recognizes both *In re Hines*, 824 F.3d 1334, 1337 (11th Cir. 2016), and *St. Hubert* require that this Court find attempted armed bank robbery is a "crime of violence." But he respectfully maintains that the Eleventh Circuit decided those cases wrongly, and he raises the issues in this memorandum to preserve them for further review.

## I. Armed bank robbery does not satisfy the elements clause of § 924(c)

Mr. Settle's convictions for armed bank robbery cannot qualify as "crimes of violence" under § 924(c)(3)(B)'s residual clause because the Supreme Court held that it was unconstitutionally vague in *Davis*. The only way, thus, that Mr. Settle's armed bank robbery offenses under 18 U.S.C. §§ 2113(a), (d), may qualify as "crimes of violence" is under § 924(c)(3)(A)'s elements clause. Courts must answer this question by referring to the elements of the offense, and not the facts of the defendant's conduct. *See McGuire*, 706 F.3d at 1336–38; *see also Curtis Johnson*, 559 U.S. at 137; *Descamps v. United States,* 133 S. Ct. 2276, 2285 (2013). The elements of bank robbery are set forth in 18 U.S.C. § 2113(a), which provides:

> *[B]y force and violence, or by intimidation*, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging

6

> to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . .

18 U.S.C. § 2113(a) (emphasis added). The portion of the offense referring to a defendant being armed indicates that:

> Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device . . . .

18 U.S.C. § 2113(d). According to the Eleventh Circuit pattern jury instructions, bank robbery under § 2113 has two elements:

> (1) The Defendant knowingly took [or attempted to take] money or property possessed by a federally insured [bank] [credit union] [savings-and-loan association] from or in the presence of the person described in the indictment; and
>
> (2) The Defendant did so [*by means* of force and violence] [*by means* of intimidation.]

11th Cir. Pattern Jury Instructions O76.1 (emphasis added).

Pursuant to the categorical approach, a perpetrator must commit every armed bank robbery under § 2113 with "the *use*, attempted use, or threatened use of physical force" to qualify as a "crime of violence" under the elements clause. 18 U.S.C. § 924(c)(3)(A) (emphasis added). The term "use" under the elements clause means that the defendant's undertook his actions with a degree of intent that is higher than negligence or recklessness. *See United States v. Palomino Garcia*, 606 F.3d 1317, 1334–36 (11th Cir. 2010); *Leocal v. Ashcroft*, 543 U.S. 1 (2004). And the term "physical force" means "violent force," "force that is capable of causing physical pain or injury to another person." *Curtis Johnson*, 559 U.S. at 140. As explained below, the Court

7

must presume Mr. Settle's conviction was for armed bank robbery by "intimidation," and because a defendant may commit attempted armed bank robbery by "intimidation" without the "use" of "physical force," it does not qualify as a "crime of violence" under the elements clause.

That the bank robbery was "armed" under 18 U.S.C. § 2113(d) does not affect the above analysis. Subsection § 2113(d) is implicated when a person, in violating subsection § 2113(a), "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device." 18 U.S.C. § 2113(d). Neither prong converts a bank robbery into a "violent felony" under the elements clause.[5]

First, committing the offense through "assault" does not require the attempted or threatened use of violent physical force as required by *Curtis Johnson*. The Eleventh Circuit's pattern jury instruction for 18 U.S.C. § 2113(d) states that a defendant may commit an "assault" without touching another person and such an "assault" occurs when a person "intentionally attempts or threatens to hurt someone else" with an apparent ability to do so. "Hurt" is not defined to require any force, let alone violent physical force. 11th Cir. Pattern Jury Instructions O76.2.

Second, committing the offense under the "use of a dangerous weapon" prong also cannot convert Mr. Settle's armed bank robberies into a "crimes of violence," because it does not require the use, attempted use, or threatened use of violent physical force required by *Curtis Johnson*. "[D]angerous weapon or device" is defined

---

[5] Arguably, these alternatives constitute means and not elements. However, the Court need not make the determination. Regardless of which alternative applies, neither converts a bank robbery into a "violent felony."

8

as "any object that a person can readily use to inflict serious bodily harm," which includes poison and other chemical weapons that can inflict serious bodily harm without using *any* physical force. *Id.* Because armed bank robbery does not qualify as a "crime of violence," Mr. Settle's convictions under §§ 2113(a), (d) should be vacated.

## II.     *Attempted* armed bank robbery does not satisfy the elements clause of § 924(c)

Even if armed bank robbery satisfies § 924(c)'s elements clause, *attempted* armed bank robbery does not. To support a conviction for an attempt to commit a crime, such as Mr. Settle's attempted armed bank robbery, Count Two, the government must prove that the defendant had the specific intent to commit the crime and took a "substantial step" toward the commission of the crime. *United States v. Brown*, 374 F. App'x 927, 932 (11th Cir. 2010) (citing *United States v. Root,* 296 F.3d 1222, 1227–28 (11th Cir. 2002)). To show a defendant took a substantial step, the government must show "the defendant's objective acts, without reliance on the accompanying *mens rea*, [ ] mark the defendant's conduct as criminal." *Id.*

In determining whether Mr. Settle's attempt offense qualifies as a "crime of violence," the Court must presume that he committed the least culpable conduct required for a conviction. *See Moncrieffe*, at 569 U.S. at 190-91. As to the intent requirement, the Court would have to presume that Mr. Settle merely *intended* to intimidate the victim, not that he actually did. And for the overt act requirement, the least culpable conduct is conduct akin to planning to rob a bank, reconnoitering a bank, or assembling disguises. *See United States v. McFadden*, 739 F.2d 149 (4th Cir. 1984). Thus, under the least-culpable-conduct rule, Mr. Settle presumably *intended*

9

to intimidate (but did not actually intimidate) the victim and took some substantial step like planning to rob a bank, reconnoitering, or assembling a disguise. This conduct does not require the use of substantial or violent "physical force," as contemplated under the elements clause. *See Curtis Johnson*, 559 U.S. 133.

In *St. Hubert*, the Eleventh Circuit examined whether attempted Hobbs Act robbery qualified as a violent felony under § 924(c)'s elements clause. 909 F.3d at 351-53. The Court revisited this decision in *Hylor v. United States*, 896 F.3d 1219 (11th Cir. 2018), when it concluded that a Florida conviction for *attempted* first degree murder was no different than first degree murder because an attempted elements clause office is always itself an elements clause offense. 896 F.3d at 1225. Though the Eleventh Circuit's precedent binds this Court, the Eleventh Circuit's reasoning in both *Hylor* and *St. Hubert* is incorrect, and attempted armed bank robbery should not categorically qualify as a "crime of violence" under the elements clause.

*St. Hubert*'s conclusion, that the intent to commit each element of an offense necessarily involves an *attempt* to commit each element, does not flow logically because having the intent to commit a crime involving the use of force differs from attempting to use, or threatening to use, force. *Hylor*, 896 F.3d at 1226. For example, a person may engage in an overt act, in robbery, for instance, by renting a getaway van and approaching the bank door before being apprehended without using use, attempting to use, or threatening to use physical force. *Id*. It is thus problematic that an individual's conduct may satisfy all the elements of an attempt to commit an elements clause offense without anything more than the intent to use elements-

10

clause force and some other act in furtherance of the intent offense that does not involve the use, attempted use, or threatened use of force. *Id.*

*Hylor* highlighted this very problem. For instance, one could commit attempted first degree murder without engaging in any overt act of force. Yet under *St. Hubert*, the attempted crime's element of specific intent to commit murder necessarily means that the offense involved the attempted use of physical force, even though the individual may commit the offense without ever actually using, attempting to use, or threating to use physical force. *Id.* at 1227.

Here, Mr. Settle's attempted armed bank robbery offense does not have as an element the use, attempted use, or threatened use of physical force against another person. An individual may "intimidate" a victim without the threatened use of violent "physical force." For instance, the Eleventh Circuit has held that simply presenting a demand letter to a bank teller can support a conviction for bank robbery through intimidation. *See United States v. Cornillie*, 92 F.3d 1108, 1110 (11th Cir. 1996). Presenting a demand letter does not necessarily require the threatened use of physical force, let alone violent "physical force" or force "capable of causing physical pain or injury to another person." *Curtis Johnson*, 559 U.S. at 139. Furthermore, for a conviction to be a "crime of violence" under the elements clause, it must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A) (emphasis added). Not any physical force will do. The "physical force" must be "violent force— that is, force capable of causing physical pain or injury to another person." *Curtis*

11

*Johnson*, 559 U.S. at 140. "Even by itself, the word 'violent' . . . connotes a substantial degree of force." *Id*. (emphasis added).

Accordingly, Mr. Settle preserves the arguments that the Eleventh Circuit wrongly decided *St. Hubert* and *Hylor*. Applying the categorical approach and looking to the least of the acts criminalized by §§ 2113(a), (d), attempted armed bank robbery does not have *as an element* the use, attempted use, or threatened use of physical force against the person or property of another. Because Mr. Settle's violations of § 2113 do not qualify under the elements clause, Mr. Settle's corresponding § 924(c) convictions must be vacated.

## Conclusion

Accordingly, Mr. Settle's conviction for attempted armed bank robbery did not require the threatened "use" of "physical force" so it could not qualify as a "crime of violence" under § 924(c)'s use-of-force clause. Thus, his conviction must have relied on § 924(c)'s residual clause and therefore must be vacated. As relief, Mr. Settle requests that the Court vacate his conviction as to Count Twelve.

Respectfully submitted,

James T. Skuthan
Acting Federal Defender

*/s/ Juliann Welch*
Juliann Welch
Research and Writing Attorney Florida
Bar Number 1003171
400 North Tampa St., Suite 2700
Tampa, Florida 33602
Telephone: (813) 228-2715
Facsimile: (813) 228-2562
E-Mail: Juliann_Welch@fd.org

## CERTIFICATE OF SERVICE

I certify that on March 24, 2020, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to the United States Attorney's Office.

*/s/ Juliann Welch*
Juliann Welch
Research & Writing Attorney
Attorney for Movant